IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL BURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-948-S-BN |
| | § | |
| AREYA HOLDER AURZADA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff William Paul Burch, the debtor in a Chapter 7 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District, Fort Worth Division, Case No. 12-46959-mxm7, brings this *pro se* action against the Chapter 7 Trustee appointed by the Bankruptcy Court.

Burch alleges, in general, that he has been harmed by how the Trustee has performed her duties. His specific factual allegations provide:

> 14. Specialized Loan Servicing (SLS) was not able to collect on the invalid noted and, by misleading the Judge and Plaintiffs inexperienced attorney, the Bankruptcy was converted to a Chapter 7.
> 15. There were two SLS properties. One was sold but the Mortgage Holder was holding the invalid lien and did not give a proper payoff so the Plaintiff could close on the property. The Trustee took over and closed on the property, giving SLS what it wanted and keeping the rest. Half of the balance was requested by the spouse of the Plaintiff, who was not in bankruptcy and owned half of the community property, which was in the Plaintiffs spouses name.
> 16. The Trustee sold two properties through a strawman sale resulting in her diverting thousands of dollars away from the estate and possibly part of it into her pockets.
> 17. Plaintiff alerted the Trustee of the pending agreement between Plaintiff and the IRS to waive the remaining balance since it was only interest. The Trustee, through her attorney, convinced the IRS to

> reinstate a $125,000 lien that had been removed almost two years ago. Only about $26,000 in interest was owed. The $125,00 and penalties had been paid.
> 18. Plaintiff was way ahead and was on track to complete his Chapter 11 bankruptcy in July of 2018. The Trustee projected that she would be done by December 2018 but has yet to finish even though she has more than enough to pay the few creditors in the estate.
> 19. Trustee has had her attorney represent Judge Mullin at the expense of the estate when the Judge has an attorney assigned to represent him at no cost to him.
> 20. Specialized Loan Servicing foreclosed on a property right after they had convinced the Judge through a series of deceptions. They did not even have a valid mortgage note and the foreclosure was illegal in that they did not inform the Trustee of the foreclosure. Upon finding out after the foreclosure, the Trustee accepted a few thousand dollars on a property that the Plaintiff had just put thousands of dollars into for renovation.

Dkt. No. 3 at 3-4 (citations omitted).

Burch's civil action against the Trustee has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Legal Standards and Analysis**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). The Court will not assume it has jurisdiction. And a party choosing to bring a case into federal court bears the burden to establish federal jurisdiction. *See, e.g., Butler v. Dallas Area Rapid Transit*, ___ F. App'x ___, No. 18-10262, 2019 WL 1410726, at *1

(5th Cir. Mar. 27, 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). If he does not, his lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Pertinent to Burch's claims against the Trustee, the United States Supreme Court "has held that, 'before suit is brought against a receiver leave of the court by which he was appointed must be obtained.'" *Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015) (quoting *Barton v. Barbour*, 104 U.S. 126, 128 (1881)).

"[T]he *Barton* doctrine is jurisdictional in nature." *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012) (citing *Barton*, 104 U.S. at 131 (without leave of the appointing court, another court has "no jurisdiction to entertain a suit" against a receiver)); *see also In re Provider Meds, LP*, 514 B.R. 473, 475 (Bankr. N.D. Tex. 2014) ("This Court begins its analysis with the *Barton* doctrine. The *Barton* doctrine requires a party to obtain leave from the appointing court before bringing suit against a court-appointed receiver. It is a jurisdictional rule." (citations omitted)).

The United States Court of Appeals for the Fifth Circuit has "applied this principle to bankruptcy trustees, as have other circuits addressing the issue." *Villegas*, 788 F.3d at 158 (citing *Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975); *McDaniel v. Blust*, 668 F.3d 153, 156-57 (4th Cir. 2012) (collecting cases)); *see also, e.g., In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bankr. N.D. Tex. 2005) ("Because of the

*Barton* Doctrine, the instant case should not have been filed in state court without first seeking this Court's permission. The *Barton* Doctrine requires dismissal of the instant action against the Trustee. Pursuant to the *Barton* Doctrine, this Court has exclusive jurisdiction over this action, and thus abstention and remand would be inappropriate, even if the case were not dismissed.").

And the Fifth Circuit reaffirmed the doctrine as applied to bankruptcy trustees after *Stern v. Marshall*, 564 U.S. 462 (2011), in which the Supreme Court "held that bankruptcy courts lack constitutional authority to enter final judgment on state-law counterclaims unless they 'stem [ ] from the bankruptcy itself or would necessarily be resolved in the claims allowance process.'" *Villegas*, 788 F.3d at 158-59 (quoting *Stern*, 564 U.S. at 499); *see id.* (holding "only that a party must continue to file with the relevant bankruptcy court for permission to proceed with a claim against the trustee. If a bankruptcy court concludes that the claim against a trustee is one that the court would not itself be able to resolve under *Stern*, that court can make the initial decision on the procedure to follow. Once a bankruptcy court makes such a determination, this court can review the utilized procedure.").

Most pertinent to Burch's filing a civil action in the district court that supervises the bankruptcy court in which his bankruptcy proceeding is pending – although in the wrong division of the district court – in *Villegas*, the Fifth Circuit rejected the "argument that *Barton* is satisfied by filing suit in the district court with supervisory authority over the bankruptcy court." 788 F.3d at 159 (noting that "every other circuit to address the issue has maintained the distinction between the bankruptcy court and

-4-

the district court, holding that 'a debtor must obtain leave of the bankruptcy court before initiating an action in district court when the action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity'" (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (collecting cases))); *cf. In re Ondova Ltd. Co.*, No. 3:16-cv-947-M, 2018 WL 580151, at *1 n.3 (N.D. Tex. Jan. 26, 2018) ("As a general rule, Plaintiff must obtain leave of the bankruptcy court before filing a suit against a trustee. *See Davis v. Gray*, 83 U.S. 203, 218 (1872). This rule does not apply if a lawsuit is commenced in the bankruptcy court that directed the trustee's appointment. *See In re Provider Meds, LP*, 514 B.R. 473, 476-77 (Bankr. N.D. Tex. 2014)."), *aff'd*, 914 F.3d 990 (5th Cir. 2019) (per curiam); *Carroll v. Abide*, 788 F.3d 502, 507 (5th Cir. 2015) ("Our decision today is not in conflict with *Villegas*. We hold only that when a bankruptcy trustee acts pursuant to an order by the district court, and the trustee's actions pursuant to that order are the basis of the claim, the district court has jurisdiction to entertain a suit with respect to that conduct.").

Finally, Burch's factual allegations against the Trustee (excerpted above) – to the extent that those allegations are factually plausible and not conclusory – demonstrate that Burch's claims are related to the Trustee's carrying out her official duties and therefore do not fit within the *ultra vires* exception to the *Barton* doctrine. *See Satterfield*, 700 F.3d at 1235-36 (examining authority taking a very narrow view of that exception and concluding that, "[i]n suits brought by a debtor against the trustee, claims based on acts that are related to the official duties of the trustee are barred by the *Barton* doctrine even if the debtor alleges such acts were taken with

improper motives"); *cf. In re Ondova*, 2018 WL 580151, at *2 ("[T]he Trustee is subject to liability when acting *ultra vires*, or outside the scope of any court orders or his official duties. The *ultra vires* exception, however, has been narrowly applied to where there was 'the actual wrongful seizure of property by a trustee.' ... Overall, the Court emphasizes that merely alleging that the Trustee's actions were wrongful, improper, or ineffective is not sufficient to overcome immunity. Plaintiff must plausibly allege that the nature of the Trustee's conduct is inconsistent with his authority, and Plaintiff fails to do so. Nothing in the Complaint suggests, for example, that the Trustee wrongfully seized any property." (citations and footnotes omitted)).

For these reasons, the Court should dismiss this action for lack of subject matter jurisdiction without prejudice to Burch's ability to re-file it in the bankruptcy court or after obtaining leave from the bankruptcy court.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 30, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE